UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60890
_____


MICHAEL D. LOUGHRY; LAURA L. LOUGHRY,

                                    Plaintiffs-Appellants,

v.

ALLSTATE INSURANCE COMPANY, 2415,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court for the
       Southern District of Mississippi, Biloxi
                  1:99-CV-191-GR
_____
                 October 15, 2001

Before DUHÉ and BENAVIDES, Circuit Judges, and RESTANI[*], District
Judge.

PER CURIAM:[**]

     Appellants Michael D. Loughry and Laura L. Loughry (the

"Loughrys") appeal from an adverse summary judgment dismissing

their contract and bad faith claims seeking punitive damages

against Allstate Insurance Company.  After careful review of the

_____

     [*]     Judge, U.S. Court of International Trade, sitting by
designation.

     [**]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

record, the briefs and oral argument presented upon submission, we affirm the judgment of the district court for the following reasons.

1. Even assuming that the water pipe leak could constitute a "sudden and accidental escape of water," the Loughrys failed to create a fact issue that such water directly caused the physical damage for which they claim damages. In the absence of such evidence, the provisions of the contract explicitly and unambiguously precluded recovery on the Loughrys' contract claim.

2. The Loughrys' claim of estoppel is without merit because, under Mississippi law, estoppel and waiver cannot extend insurance coverage to cover a risk or loss not contemplated by the language of an insurance policy. *See Mississippi Hosp. & Med. Serv. v. Lumpkin*, 229 So.2d 573, 576 (Miss. 1969); *Gilley v. Protective Life Ins. Co.*, 17 F.3d 775, 781 (5th Cir. 1994). In addition, even were estoppel available, the Loughrys failed to establish a fact issue with respect to reliance on Allstate's conduct.

3. Punitive damages based upon bad faith denial of coverage are not available because Allstate was entitled to summary judgment on the coverage issue.

Accordingly, the judgment of the district court is AFFIRMED.

2